# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WILLIE A. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OPINION,** |
| | ) | **ORDER, AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| SHERIFF WORTH HILL, et al., | ) | 1:09CV253 |
| | ) | |
| Defendants. | ) | |

Plaintiff has submitted a pro se complaint under 42 U.S.C. § 1983 and has requested that he be permitted to proceed in forma pauperis pursuant to 28 U.S.C. § l915(a). Plaintiff names Worth Hill, the Durham County Sheriff, as a defendant. He alleges that Hill illegally held him in jail beyond his release date in December 2001. He also names other Durham County officials as defendants based on their participation in holding him beyond his release date.

Plaintiff seeks to proceed as a pauper. Therefore, the Court must examine the complaint to see whether it fails to state a claim upon which relief may be granted, seeks monetary relief from a defendant who is immune from such relief, or is frivolous or malicious. 28 U.S.C. § 1915A. For frivolous or malicious review, the court looks to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319 (1989). A plaintiff fails to state a claim when it appears certain that the plaintiff cannot prove any set of facts

which would entitle him or her to relief.  The Court must accept all well-pled allegations and review the complaint in a light most favorable to Plaintiff.  <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993).  Facts must be alleged with specificity.  <u>White v. White</u>, 886 F.2d 721 (4th Cir. 1989).  The court may anticipate affirmative defenses which are clear on the face of the complaint.  <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983); <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951, 954 (4th Cir. 1995) (en banc) (court may apply common sense and reject fantastic allegations and/or rebut them with judicially noticed facts).  The court may dismiss a complaint under 28 U.S.C. § 1915A even though Plaintiff has not exhausted state administrative remedies.

As an initial matter, the court's records reveal that Plaintiff already raised essentially these same allegations against these Defendants in prior lawsuits, Case Nos. 1:04CV37 and 1:05CV771.  In the 2004 case, the complaint was dismissed without prejudice to Plaintiff refiling a complaint which corrected noted defects.  Judge Tilley dismissed the 2005 case as being time-barred.  Nothing has changed.  Plaintiff's claims now are barred for the same reasons set out in Judge Tilley's Memorandum Order.  The claims were time-barred when raised in 2005, and they are time-barred in 2009.  While this 2009 complaint adds a Durham County district court judge as a Defendant, that does not entitle Plaintiff to proceed against the time-bar.  In addition, the judge enjoys judicial immunity which would result in a dismissal as against him.  For all these reasons, the court can easily anticipate from the face of the complaint that the present Defendants would raise the statute of

limitations and judicial immunity as affirmative defenses and that they would succeed with those defenses. Plaintiff's complaint should be dismissed because it is frivolous, harassing, and does not state a claim for which relief can be granted. See Todd, 712 F.2d at 74 (affirming dismissal of case under § 1915 for being barred by the statute of limitations).

Plaintiff is therefore not entitled to further proceed as a pauper. Plaintiff's request to proceed in forma pauperis should therefore not be countenanced, with the exception that in forma pauperis status shall be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that in forma pauperis status be granted for the sole purpose of entering this Order and Recommendation.

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous or malicious or for failing to state a claim upon which relief may be granted.

_____
WALLACE W. DIXON
United States Magistrate Judge

April 15, 2009